UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-cr-20020 |
| Plaintiff, | Hon. Linda V. Parker |
| v. | |
| D-1 RONALD SZOLACK, | **Offense:** 18 U. S. C. § 1001 (False Statement) |
| Defendant. | **Maximum Penalties:** 5 years incarceration; $250,000 fine |

**Rule 11 Plea Agreement**

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, **D-1 RONALD SZOLACK** [SZOLACK] and the Government agree as follows:

1. **Guilty Plea**

    A. **Counts of Conviction**

    Defendant will enter a plea of guilty to Count One of the Information, which charges him with making of a false statement to a Government agency in violation of 18 U.S.C. § 1001.

B.  **Elements of Offenses**

The elements of **Count One** (false statements) are:

    1. That the defendant made a statement;

    2. That the statement was false;

    3. That the statement was material;

    4. That the defendant acted knowingly and willfully; and

    5. That the statement pertained to a matter within the jurisdiction of the executive branch of the United States government.

C.  **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for defendant's guilty plea:

    (1)    On March 13, 2018, the Federal Bureau of Investigation and the Internal Revenue Service, Criminal Investigation Division, both agencies of the executive branch of the Government of the United States, were investigating allegations of bank fraud surrounding a real estate transaction ["short sale"] which occurred in January 2010 involving SZOLACK and a business associate named Alan Markovitz;

    (2)    On that date, and to further that investigation, SZOLACK was interviewed by agents of the Federal Bureau of Investigation and the Internal Revenue Service, Criminal Investigation Division;

    (3)    During the course of the interview, SZOLACK falsely stated to the agents that he advised a real estate agent who handled the short sale, whose initials were MC, of the details of a short sale of his

residence to Alan Markovitz, and of their intent to have Markovitz transfer the property back to Szolack after a certain period of time, and that the real estate agent advised him that, so long as the short sale was not to a family member, their proposal was completely legal;

(4) In fact, the real estate agent offered no such advice. Rather, Szolack and Markovitz discussed what Szolack would say to agents at the time of the March 13, 2018 interview, and agreed that he would falsely "blame" the real estate agent for giving them bad advice about the legality of the short sale (the same real estate agent was involved in the other short sales under investigation);

(5) The statement that Szolack was told by MC that the short sale transaction would be legal was material to the state of mind of both Szolack and Markovitz at the time of the short sale transaction, and to Markovitz's state of mind at the time of subsequent short sale transactions under investigation.

## 2. Sentencing Guidelines

### A. Standard of Proof

The Court will find sentencing factors by a preponderance of the evidence.

### B. Agreed Guideline Range

There are no sentencing guideline disputes. Except as provided below, the defendant's guideline range is **0-6 months**, as set forth on the attached worksheets. If the Court finds:

> 1. That defendant's criminal history category is higher than reflected on the attached worksheets, or

    2. that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than **0-6 months**, the higher guideline range becomes the **agreed range**. However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in the agreed range.

    Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections 1) and 2), above.

3. **Sentence**

    The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

A. **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case **may not exceed 6 months**, the top of the sentencing guidelines the parties believe are applicable, as determined by Paragraph 2B.

B. **Supervised Release**

A term of supervised release may follow the term of imprisonment. The Court may impose a term of supervised release of up to three years. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that result from any later revocation of supervised release.

C. **Special Assessment**

Defendant will pay a special assessment of $100.00 at the time of sentencing.

D. **Fine**

There is no agreement as to fine.

E. **Restitution**

Restitution does not apply in this case because there are no monetary losses resulting from the offense of conviction.

4. **Other Charges**

If the Court accepts this agreement, the government agrees to forego prosecution of SCZOLACK for any additional charges arising from the short sale real estate transaction, or its tax consequence, referenced above.

5. **Use of Withdrawn Guilty Plea**

If the Court allows defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

6. **Each Party's Right to Withdraw from This Agreement**

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Paragraph 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise

defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Paragraph 3.

7. **Appeal Waiver**

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed 6 months, the defendant also waives any right he may have to appeal his sentence on any grounds.

This waiver does not bar filing a claim of ineffective assistance of counsel in court.

8. **Consequences of Withdrawal of Guilty Pleas or Vacation of Convictions**

If defendant is allowed to withdraw his guilty pleas or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty pleas becomes final, which charges relate directly or indirectly to the conduct

underlying the guilty pleas or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

9. **Parties to Plea Agreement**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

10. **Scope of Plea Agreement**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

- 9 -

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

11. **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 P.M. on February 1, 2023. The government reserves the right to modify or revoke this offer

at any time before defendant pleads guilty.

DAWN N. ISON
United States Attorney

_____
JOHN K. NEAL
Assistant United States Attorney
Chief, White Collar Crimes

_____
CRAIG A. WEIER
Assistant United States Attorney

By signing below, defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.

_____
BRIAN M. LEGGHIO
Attorney for Ronald Szolack

Date: 2/1/23

_____
RONALD SZOLACK
Defendant

Date: 2/1/23

- 10 -

# WORKSHEET A
# OFFENSE LEVEL

Defendant **Ronald Szolak**     District/Office **Eastern District of Michigan**

Docket Number **23-20020**

Count Number(s) **1**     U.S. Code Title & Section **18** : **1001** ; ____ : ____

*Guidelines Manual* Edition Used: 20**18** (*Note: The Worksheets are keyed to the November 1, 2016 Guidelines Manual*)

## INSTRUCTIONS

Complete a separate Worksheet A for each count of conviction or as required in a situation listed at the bottom of Worksheet B.*
*Exceptions*: Use only a single Worksheet A where the offense level for a group of closely related counts is based primarily on aggregate value or quantity (*see* §3D1.2(d)) or where a count of conspiracy, solicitation, or attempt is grouped with a substantive count that was the sole object of the conspiracy, solicitation, or attempt (*see* §3D1.2(a) & (b)).

1. **Offense Level** (See Chapter Two)
   Enter the applicable base offense level and any specific offense characteristics from Chapter Two and explain the bases for these determinations. Enter the sum in the box provided.

   | Guideline | Description | Level |
   |---|---|---|
   | 2B1.1(a)(2) | base level | 6 |
   | | | |
   | | | |
   | | | |

   If the Chapter Two guideline requires application of a cross reference or other reference, an additional Worksheet A may be needed for that analysis. See §1B1.5.     Sum **6**

2. **Victim-Related Adjustments** (See Chapter Three, Part A)
   Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If no adjustment is applicable, enter "0".     § **3C1.1**  **2**

3. **Role in the Offense Adjustments** (See Chapter Three, Part B)
   Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If the adjustment reduces the offense level, enter a minus (–) sign in front of the adjustment. If no adjustment is applicable, enter "0".     § ____  ____

4. **Obstruction Adjustments** (See Chapter Three, Part C)
   Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If no adjustment is applicable, enter "0".     § ____  ____

5. **Adjusted Offense Level**
   Enter the sum of Items 1–4. If this Worksheet A does not cover all counts of conviction or situations listed at the bottom of Worksheet B, complete Worksheet B. Otherwise, enter this result on Worksheet D, Item 1.     **8**

   ✓ Check here if **all** counts (*including* situations listed at the bottom of Worksheet B)* are addressed on this one Worksheet A. If so, no Worksheet B is used.

   ✓ If the defendant has no criminal history, enter "I" here and on Worksheet D, Item 4. No Worksheet C is used.

# WORKSHEET D
## DETERMINING THE SENTENCE
[Page 1 of 4]

Defendant: Ronald Szolak     Docket Number: 23-20020

1. **Adjusted Offense Level** (From Worksheet A or B)
   If Worksheet B is required, enter the result from Worksheet B, Item 9. Otherwise, enter the result from Worksheet A, Item 5.    **8**

2. **Acceptance of Responsibility** (See Chapter Three, Part E)
   Enter the applicable reduction of **2** or **3** levels. If no adjustment is applicable, enter "0".    **−2**

3. **Offense Level Total** (Item 1 less Item 2)    **6**

4. **Criminal History Category** (From Worksheet A or C)
   Enter the result from Worksheet C, Item 8, unless the defendant has no criminal history, and as directed at the bottom of Worksheet A, no Worksheet C is used and "I" is entered here.    **I**

5. **Terrorism; Career Offender; Criminal Livelihood; Armed Career Criminal; Repeat and Dangerous Sex Offender** (See Chapter Three, Part A, and Chapter Four, Part B)

   a. **Offense Level Total**
      If the provision for Career Offender (§4B1.1), Criminal Livelihood (§4B1.3), Armed Career Criminal (§4B1.4), or Repeat and Dangerous Sex Offender (§4B1.5) results in an offense level total higher than Item 3, enter the offense level total. Otherwise, enter "N/A".

   b. **Criminal History Category**
      If the provision for Terrorism (§3A1.4), Career Offender (§4B1.1), Armed Career Criminal (§4B1.4), or Repeat and Dangerous Sex Offender (§4B1.5) results in a criminal history category higher than Item 4, enter the applicable criminal history category. Otherwise, enter "N/A".

6. **Guideline Range from Sentencing Table**
   Enter the applicable guideline range from Chapter Five, Part A, in months.    **0** to **6**

7. **Restricted Guideline Range** (See Chapter Five, Part G)
   If the statutorily authorized maximum sentence or the statutorily required minimum sentence restricts the guideline range (Item 6) (see §§5G1.1 and 5G1.2), enter either the restricted guideline range or any statutory maximum or minimum penalty that would modify the guideline range. Otherwise, enter "N/A".    to

   ☐ Check here if §5C1.2 (Limitation on Applicability of Statutory Minimum Penalties in Certain Cases) and 18 U.S.C. § 3553(e) – "The Safety Valve" – are applicable.

8. **Undischarged Term of Imprisonment; Anticipated State Term of Imprisonment** (See §5G1.3)

   ☐ If the defendant is subject to an undischarged term of imprisonment, or an anticipated state term of imprisonment, check this box. Below list the undischarged/anticipated term(s), the applicable section of §5G1.3 and its direction or guidance as to whether the instant federal sentence is to be imposed to run concurrently or consecutively to the undischarged/anticipated term(s), and any sentence adjustment.

U.S. Sentencing Commission Worksheets (November 1, 2016)

# Worksheet D — Determining the Sentence [Page 2 of 4]

Defendant  Ronald Szolak                                    Docket Number 23-20020

## 9. Sentencing Options (See Chapter Five, Sentencing Table and §§5B1.1(a) and 5C1.1)

Check the applicable box that corresponds to the Guideline Range entered in Item 6 or Item 7, if applicable.

**Zone A** (See §§5B1.1(a)(1) & 5C1.1(a) & (b))

[✓] If checked, the following options are available:

- Fine (See §§5C1.1(b) & 5E1.2(a))
- "Straight" Probation (See §§5B1.1(a)(1) & 5C1.1(b))
- Imprisonment (See §5C1.1(a) & (c)(1))

**Zone B** (See §§5B1.1(a)(2) & 5C1.1(a) & (c))

[ ] If checked, *the minimum term may be satisfied by*:

- Imprisonment (See §5C1.1(a) & (c)(2))
- Imprisonment of *at least one month plus supervised release* with a condition that substitutes community confinement or home detention for imprisonment (See §5C1.1(c)(2))
- Probation with a condition that substitutes intermittent confinement, community confinement, or home detention for imprisonment (See §§5B1.1(a)(2) and 5C1.1(c)(3))

**Zone C** (See §5C1.1(a) & (d))

[ ] If checked, *the minimum term may be satisfied by*:

- Imprisonment (See §5C1.1(a) & (d)(1))
- Imprisonment of *at least one-half of the minimum term plus supervised release* with a condition that substitutes community confinement or home detention for imprisonment (See §5C1.1(d)(2))

**Zone D** (See §5C1.1(a) & (f))

[ ] If checked, *the minimum term is to be satisfied by* a sentence of imprisonment

## 10. Length of Term of Probation (See §5B1.2)

If probation is imposed, the guideline for the length of such term of probation is: (Check the applicable box)

[ ] At least one year, but not more than five years if the offense level total is 6 or greater.

[ ] No more than three years if the offense level total is 5 or less.

# Worksheet D — Determining the Sentence [Page 3 of 4]

Defendant Ronald Szolak  Docket Number 23-20020

## 11. Supervised Release (See §§5D1.1 and 5D1.2)

a. **Imposition of a Term of Supervised Release:**

☐ Ordered because required by statute (See §5D1.1(a)(1)).

☐ Ordered because a sentence of imprisonment of more than one year is imposed (See §5D1.1(a)(2)).

☐ Is *not* ordered although a sentence of more than one year is imposed, because it is not required by statute *and* the defendant likely will be deported after imprisonment (See §5D1.1(c)).

☑ Ordered because it may be ordered in any other case (See §5D1.1(b)).

b. **Length of Term of Supervised Release**

Check the Class of the Offense:

☐ Class A or B Felony: Two to Five Year Term (See §5D1.2(a)(1))

☑ Class C or D Felony: One to Three Year Term (See §5D1.2(a)(2))

☐ Class E Felony or Class A Misdemeanor: One Year Term (See §5D1.2(a)(3))

☐ If a statutorily required mandatory minimum term of supervised release for the offense impacts the guideline range for the applicable Class of Offense above, also check this box, and list the statutory minimum term (See §5D1.2(c)):

_____ years mandatory minimum term of supervised release

☐ If an offense in 18 U.S.C. § 2332b(g)(5)(B) that resulted in, or created a foreseeable risk of, death or serious bodily injury to another person; or if a sex offense, the term of supervised release will not be less than the minimum term established above, and may be up to life (See §5D1.2(b)).

Policy Statement: If a sex offense, the *statutory maximum term* of supervised release is recommended.

## 12. Restitution (See §5E1.1)

a. If restitution is applicable, enter the amount. Otherwise enter "N/A" and the reason:
N/A. No monetary losses arose from the offense of conviction.

b. Enter whether restitution is statutorily mandatory or discretionary:

c. Enter whether restitution is by an order of restitution, or *solely* as a condition of supervision. Enter the authorizing statute:

# Worksheet D — Determining the Sentence [Page 4 of 4]

Defendant **Ronald Szolak**　　　　　　　　Docket Number **23-20020**

## 13. Fines (The Guideline Range for Fines for Individual Defendants) (See §5E1.2)

| | | Minimum | Maximum |
|---|---|---|---|
| a. | **Special Fine Provisions** ☐ Check box if any of the counts of conviction is for a statute with a special fine provision. (This *does not* include the general fine provisions of 18 USC § 3571(b)(2) & (d)). | | |
| | Enter the sum of statutory maximum fines for all such counts. | | $250,000 |
| b. | **Fine Table (§5E1.2(c)(3))** Enter the minimum and maximum fines. | $1,000 | $9,500 |
| c. | **Fine Guideline Range** (Determined by the minimum of the Fine Table (Item 13(b)) and the greater maximum above (Item 13(a) or 13(b))). | $1,000 | $250,000 |
| d. | **Ability to Pay** ☐ Check this box if the defendant does not have an ability to pay. | | |

## 14. Special Assessments for Individual Defendants (See §5E1.3)

Enter the total amount of the statutory special assessments required for all counts of conviction:
- $100 for each felony count of conviction.
- $25 for each Class A misdemeanor count of conviction.
- While not subject to guideline sentencing, the special assessments for a Class B misdemeanor, and a Class C misdemeanor or infraction are $10 and $5 per count, respectively.

**TOTAL:** $100

## 15. Factors That May Warrant a Departure (See §1B1.1(b))

Consider Chapter Five, Part H (Specific Offender Characteristics) and Part K (Departures), and other policy statements and commentary in the *Guidelines Manual* that might warrant consideration in sentencing. (*See also* the "List of Departure Provisions" included in the *Guidelines Manual* after the Index).

## 16. Factors That May Warrant a Variance (See §1B1.1(c))

Consider the applicable factors in 18 U.S.C. § 3553(a) taken as a whole.


Completed by **AUSA Craig Weier**　　　　　　　　Date **2/6/20**